**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 93-CR-30108-WDS |
| ) | |
| MAJOR BAILEY, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Before the Court is defendant's motion for retroactive application of the Advisory Sentencing Guidelines (Doc. 178) and a motion to withdraw as counsel filed by his appointed counsel (Doc. 184)

Pursuant to Administrative Order 102 the Court appointed the Office of the Federal Public Defender to represent the defendant on his motion for retroactive application and sentence reduction. The case was assigned to Assistant Federal Public Defender Renee Schooley who concluded that the defendant did not qualify for a reduction, and therefore did not file a supplement to defendant's motion. The defendant was given 30 days to file a supplemental brief which he did not do. The Office of the Federal Defender re-entered their appearance to again review the record in this case to determine the defendant's eligibility for any retroactive reduction in sentence. Mr. Cronin, AFPD, recently filed a motion for leave to withdraw after determining that the defendant remains ineligible for any relief due to the fact that he received a mandatory minimum sentence.

A review of the record reveals that the defendant was sentenced to a mandatory minimum sentence. The Sentencing Commission has explained, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if ... the amendment does not have the effect of lowering the defendant's applicable

guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n. 1(A).

Therefore, the relief which the defendant seeks is not available to him and the Court **FINDS** that the defendant is ineligible for a reduction under any of the amendments to the Advisory Sentencing Guidelines for crack cocaine offenses. Accordingly, the Court **DENIES** his motion for retroactive application of the sentencing guidelines (Doc. 178), and further, **GRANTS** the motion for leave to withdraw as counsel (Doc. 184). Defendant's motion for an order to direct the Federal Defender to prepare a brief is **DENIED** (Doc. 180).

**IT IS SO ORDERED.**

**DATE:   23 April, 2012**

  **s/ WILLIAM D. STIEHL**
  **DISTRICT JUDGE**